STATE of Alaska, Appellant,

v.

ABC TOWING, Appellee.

No. A–6394.

Court of Appeals of Alaska.

Feb. 20, 1998.

J. Ron Sutcliffe, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

Brent R. Cole, Marston & Cole, Anchorage, for Appellee.

Before MANNHEIMER, J., and RABINOWITZ, Senior Supreme Court Justice *, and ANDREWS, Superior Court Judge **.

## OPINION

MANNHEIMER, Judge.

This case involves the law of "vicarious responsibility"—the law defining when one person can be held criminally responsible for the conduct of another. More specifically, this case presents the question of whether a business run by a sole proprietor is an "organization" under AS 11.16.130(a), a statute which declares that organizations are criminally responsible for certain acts of their agents. We hold that a sole proprietorship is not an "organization" for purposes of AS 11.16.130(a).

Rodney E. Lewis does business as "ABC Towing". When one of Lewis's employees discharged gasoline on the ground, the State brought criminal charges against both the employee and ABC Towing; both defendants were charged with violating an anti-pollution statute, AS 46.03.710.

Under Alaska law, organizations face broader vicarious criminal responsibility than do individuals. Generally speaking, an individual can be held criminally responsible for the conduct of another only if the individual asks or encourages the other person to commit the offense or if the individual helps to plan or commit the offense. *See* AS 11.16.110(2).[1] The State presented no evidence that Lewis asked his employee to discharge the gasoline, or that Lewis aided or

---

* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

** Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution.

1. AS 11.16.110(2) provides that "[a] person is legally accountable for the conduct of another constituting an offense if[,] ... with intent to promote or facilitate the commission of the offense, the person (A) solicits the other to commit the offense; or (B) aids or abets the other in planning or committing the offense[.]"

abetted the employee's act. However, an organization can be held accountable for criminal conduct that its owners, members, officers, or directors did not know about until afterwards. Under AS 11.16.130(a)(1), an organization is criminally responsible for an offense committed by one of its agents if the agent was acting in behalf of the organization and within the scope of the agent's employment, or if the organization subsequently ratified or adopted the agent's conduct.[2] The State charged ABC Towing with the pollution violation, alleging that Lewis's employee had been acting within the scope of his employment, and in behalf of ABC Towing, when he discharged the gasoline on the ground.

■ The case against ABC Towing was tried to District Court Judge Natalie K. Finn on stipulated facts. The parties agreed that ABC Towing's employee had violated the anti-pollution statute and that the employee had been acting within the scope of his employment and in behalf of ABC Towing when he committed this violation. There was only one disputed issue, and that was an issue of law: was ABC Towing an "organization" for purposes of AS 11.16.130(a), so that it could be held liable for its employee's discharge of gasoline?

AS 11.81.900(b)(39) defines the term "organization" for purposes of Title 11. Under that definition, "organization" means:

> a legal entity, including a corporation, company, association, firm, partnership, joint stock company, foundation, institution, government, society, union, club, church, or any other group of persons organized for any purpose.

Lewis's attorney contended that ABC Towing was not an "organization" because it was a sole proprietorship—an unincorporated business owned solely by Lewis. In a well-reasoned opinion, Judge Finn concluded that this contention was correct—that sole proprietorships are not "organizations" under the statutory definition. Judge Finn wrote:

[A] sole proprietorship is not a legal entity. [It] has no legal significance apart from its sole proprietor. It cannot incur debts, conduct business, sue or be sued, or incur or pay taxes apart from its sole proprietor. Legally, it makes no difference whether the business is named ABC Towing or Rodney E. Lewis. The accountability of ABC Towing is therefore no different from that of an individual.... This court finds that ABC Towing, a sole proprietorship, is not an organization within the meaning of AS 11.81.900(b)(39) and is therefore not legally accountable [for acts of its agents under] AS 11.16.130.

Judge Finn therefore dismissed the complaint against ABC Towing, and the State now appeals Judge Finn's decision.

Under AS 11.81.900(b)(39), "organization" (for purposes of Title 11) "means a legal entity". The statute does not define "legal entity" except by example, and the term "legal entity" is not further defined in Title 11 or, indeed, anywhere else in the Alaska statutes. However, the term "legal entity" does have a common-law meaning, and that meaning presumptively governs our interpretation of AS 11.81.900(b)(39). *See* AS 01.10.010 (the common law remains the rule of decision in this state unless it is inconsistent with the laws passed by the Alaska legislature or inconsistent with the federal or Alaska constitutions).

The concept of "legal entity" is a useful fiction employed by the law to distinguish an ongoing human endeavor from the people who presently own or control that endeavor. As Judge Finn correctly pointed out in her decision, the defining characteristic of a "legal entity" is its separate legal existence apart from its owners, officers, and directors.

■ At common law, sole proprietorships are not "legal entities". Neither are partnerships (for most purposes: *compare Pratt v. Kirkpatrick,* 718 P.2d 962, 967–68 (Alaska 1986)). Rather, sole proprietorships and partnerships are deemed to be merely the alter egos of the proprietor or the partners

---

**2.** AS 11.16.130(a)(1) provides that "an organization is legally accountable for conduct constituting an offense if the conduct ... is the conduct of its agent and (A) [is] within the scope of the agent's employment and in behalf of the organization; or (B) is solicited, subsequently ratified, or subsequently adopted by the organization[.]"

(as individuals). In a sole proprietorship, all of the proprietor's assets are completely at risk, and the sole proprietorship ceases to exist upon the proprietor's death. Harry J. Haynsworth, *Selecting the Form of a Small Business Entity* (1985), § 1.02, pp. 2–3; *see also* Harry G. Hehn and John R. Alexander, *Laws of Corporations and Other Business Entities* (3rd ed.1985), § 18, p. 58. Similarly, a partnership is not a separate legal entity (for most purposes). *Haynsworth,* § 1.03 pp. 4, 7; *Hehn & Alexander,* § 19, pp. 63–64.

> The common law adopted a strict view [of partnership] and accorded no recognition to the partnership as an entity for the purposes of ownership of real property, contract, suit, etc[,] although many of these disabilities have been abolished or altered by statute.

*Hehn & Alexander,* § 19, p. 64.[3]

Alaska law recognizes the common-law rule. *See Williams v. Mammoth of Alaska, Inc.,* 890 P.2d 581, 584 (Alaska 1995) ("The nearly universal rule is that if the employer is a partnership, then each partner is an employer of the partnership's employees. This is because a partnership is not a legal entity separate from its partners."); *Berger v. Ohlson,* 120 F.2d 56, 60, 10 Alaska 84, 93 (9th Cir.1941) ("[T]he Alaska Railroad is not a corporate or any other legal entity. It is a name only. The sole owner of the railroad and its terminals ... is the United States.")

With regard to a sole proprietorship, Alaska law deems the "company" to be simply an alter ego of the proprietor, who is engaged in commerce under a *nom d'affaires*—an assumed name adopted for business purposes. See *Roeckl v. Federal Deposit Insurance Corp.,* 885 P.2d 1067 (Alaska 1994), which contains a lengthy discussion of an individual's legal ability to conduct business or business transactions under an assumed name. *Roeckl* notes that, unless a person uses a fictitious business name in order to facilitate a fraud, it has always been legal for a person to transact business in the name of a fictitious entity that has no legal existence apart from the individual(s) running the business.

*Roeckl,* 885 P.2d at 1073 (citations omitted). This practice is, in fact, normal for sole proprietorships and partnerships. *Roeckl,* 885 P.2d at 1074, *quoting United States v. Dunn,* 564 F.2d 348, 354 n. 12 (9th Cir.1977). (*Roeckl* answers the State's contention that ABC Towing should be considered a separate legal entity because a business license has been issued in the name of ABC Towing.)

With this background, we return to our definitional statute, AS 11.81.900(b)(39), and we find that it contains troublesome ambiguities. The statute declares that the term "organization" means a "legal entity". If the legislature had stopped there, then neither a sole proprietorship nor a partnership would be considered an "organization", because neither form of business is a legal entity. However, the statute then adds that the term "legal entity" includes "partnerships" as well as "associations", "societies", "clubs", and "any other group of persons organized for any purpose". This is a marked expansion of what the common law would recognize as a "legal entity" for other purposes (suing or being sued, holding title to property, employing workers, etc.).

■ The legislature undoubtedly has the authority to enlarge the definition of "legal entity" beyond its common-law boundaries. *See State v. Erickson,* 574 P.2d 1, 15 (Alaska 1978) (in statutes regulating drugs, the legislature can define "narcotic" differently from its normal pharmacological meaning). It appears that AS 11.81.900(b)(39) was intended to modify the common-law definition of "legal entity" by broadening it to include partnerships, informal associations and clubs, and (in general) "any other group of persons organized for any purpose". However, the statutory roster of "legal entities" does not specifically include sole proprietorships.

The State argues that a sole proprietorship becomes a "firm" or an "association" or a "group" under AS 11.81.900(b)(39) whenever the sole proprietor hires other people to assist in the conduct of the business. We think

---

**3.** *Hehn & Alexander* points out (at p. 64, n. 11) that early drafts of the Uniform Partnership Act incorporated an "entity" theory of partnership, but this approach was rejected by the Commissioners on Uniform State Laws.

that this is a strained interpretation of the statute.

Under the State's reading of the statute, an ice cream vendor or a house painter who employed a part-time helper during the summer would suddenly become a "firm", an "association", or a "group". In fact, under the State's wide-ranging construction of the phrase "group of persons organized for any purpose", home owners would seemingly become "organizations" whenever they hired someone to clean their house or maintain their lawn. Such a construction of the statute conflicts with the fact that employees generally do not direct the conduct of a business. Their contract of employment does not make them partners of the persons or entities who hire them, and they do not have the same legal rights and responsibilities as their employers. Based on the wording of AS 11.81.900(b)(39) and its legislative history, we doubt that the legislature intended the results advocated by the State.

Moreover, two rules of statutory construction counsel us to uphold the trial court's decision in this case. The first rule is that statutes in derogation of the common law should be construed strictly. That is, when courts are presented with a question involving the proper construction of a statute that modifies the common law, the normal rule of interpretation is that such statutes are construed so as to preserve the pre-existing common law unless the legislature has clearly indicated its purpose to change that law. *See Roeckl*, 885 P.2d at 1074; *University of Alaska v. Shanti*, 835 P.2d 1225, 1228 n. 5 (Alaska 1992). The second rule is that statutes imposing criminal liability should be construed narrowly. When the scope of a criminal statute is unclear, courts should normally construe the statute against the government—that is, construe it so as to limit the scope of criminal liability. *See*

*Magnuson v. State*, 843 P.2d 1251, 1253 (Alaska App.1992).

The question in this appeal is whether sole proprietorships are to be treated as legal entities apart from their proprietors, so that the government can prosecute sole proprietorships for the acts of their agents under the theory of vicarious responsibility codified in AS 11.16.130(a). Under the common law, sole proprietorships are not legal entities. The expanded definition of legal entities in AS 11.81.900(b)(39) does not include a specific reference to sole proprietorships. The State has presented some inventive arguments as to why sole proprietorships should be viewed as "associations" or "firms" for purposes of Title 11, but in the end those arguments are only colorable, not convincing. On this point, the statute remains, at best, ambiguous.

This being so, we construe AS 11.81.900(b)(39) to preserve the pre-existing common law rule that sole proprietorships are not legal entities, and to narrowly construe the scope of vicarious criminal responsibility imposed by AS 11.16.130(a). We conclude that sole proprietorships are not "organizations" for purposes of AS 11.16.130(a). The district court therefore correctly granted the defendant's motion to dismiss.

The judgement of the district court is AFFIRMED.

COATS, C.J., not participating.