**Bruce TICE, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–9418.**

Court of Appeals of Alaska.

Dec. 19, 2008.

David D. Reineke, Assistant Public Defender, Kathleen Murphy, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant.

Terisia K. Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, MANNHEIMER, Judge, and STEWART, Senior Court of Appeals Judge.*

---

**31.** *Thomas,* 710 P.2d at 1019 (quoting *Roman v. State,* 570 P.2d 1235, 1240 (Alaska 1977)) (citing *Edison,* 709 P.2d at 511).

* Sitting by assignment made pursuant to article IV, section 11 of the Alaska Constitution and Administrative Rule 23(a).

### OPINION

COATS, Chief Judge.

Bruce Tice was convicted of manslaughter[1] and assault in the first degree.[2] The charges arose out of a single car accident that killed a five-year-old child and injured a three-year-old child who were passengers in the car.

Tice was convicted under the pre-March 2005 sentencing provisions. His two felony offenses, manslaughter and assault in the first degree, are both class A felonies. The maximum term of imprisonment for a class A felony is 20 years.[3] Tice was a third felony offender for purposes of presumptive sentencing. Under the pre-March 2005 sentencing provisions, as a third felony offender, Tice faced a presumptive term of 15 years' imprisonment for each class A felony.[4]

At Tice's initial sentencing hearing, Superior Court Judge Eric Smith found that Tice had conceded one aggravating factor: that he knew or should have known that the victim of the offense was particularly vulnerable because of extreme youth.[5] The presence of the aggravating factor authorized Judge Smith to increase the 15–year presumptive term to the maximum sentence of 20 years' imprisonment.[6] Judge Smith sentenced Tice to the maximum term of 20 years for each of the felony offenses. He imposed 15 years for the first-degree assault conviction concurrently and 5 years consecutively. Therefore, Tice's composite term of imprisonment was 25 years.

In our previous decision in this appeal, we concluded that Tice had not conceded the aggravating factor that he knew or should have known that the victim of the offense was particularly vulnerable because of extreme youth.[7] We therefore remanded the case to Judge Smith for resentencing.[8]

On remand, Judge Smith again found the aggravating factor based on the evidence presented by the State, and he imposed the same composite 25–year sentence. Judge Smith stated that he was determined to impose the 25–year composite sentence as the appropriate sentence for Tice's crimes, even if this court later found that it was error to find the aggravating factor. Judge Smith stated that, as an alternative, he would impose 15 years for manslaughter and 15 years for assault in the first degree, with 10 of those years consecutive to the manslaughter sentence.

### The applicability of aggravator (c)(5) to Tice's case

Alaska Statute 12.55.155(c)(5) applies when "the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, disability, ill health, or extreme youth or was for any other reason substantially incapable of exercising normal physical or mental powers of resistance." As noted earlier, Tice's convictions arose out of a single car accident that killed one child and injured another. Tice argued at resentencing and now argues on appeal that the "vulnerable victim" aggravator does not apply in a case where the defendant's conduct was not aimed at a particular victim. Tice argues that the aggravator does not apply to him because he did not "exploit" or deliberately take advantage of the victims' youth.

Because Alaska case law is silent on this issue, and our review of the legislative history of AS 12.55.155(c)(5) has been unhelpful in this regard, we have looked to the history of a similar federal sentencing guideline. The federal guidelines allow increased punishment "[i]f the defendant knew or should have known that a victim of the offense was a

---

1. AS 11.41.120(a)(1).

2. AS 11.41.200(a)(1).

3. AS 12.55.125(c).

4. Former AS 12.55.125(c)(4).

5. AS 12.55.155(c)(5).

6. Former AS 12.55.155(a)(2).

7. *Tice v. State*, Alaska App. Memorandum Opinion and Judgment No. 5286 at 6 (Dec. 26, 2007), 2007 WL 4554394 at *3.

8. *Id.* at 7, 2007 WL 4554394 at *3.

vulnerable victim." [9] A "vulnerable victim" is defined as "a person ... who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." [10] The commentary to the 1993 version of the federal guidelines provided that the "adjustment applies to offenses where an unusually vulnerable victim *is made a target* of criminal activity by the defendant." [11] This commentary led to a split in the federal circuit courts on the question of whether this guideline required specific targeting of a victim because of the victim's vulnerability.[12] In 1995, in order to remove this ambiguity, the United States Sentencing Commission deleted the "targeting" language from the commentary.[13]

Because of the sentencing commission's action, it now appears that the federal courts would apply the "vulnerable victim" guideline to a case such as Tice's—where the defendant did not specifically target the victim because of the victim's vulnerability. However, the history of the federal guidelines, as well as the fact that the federal courts were divided on the proper interpretation of this language before the sentencing commission took action, suggest that the similar language found in AS 12.55.155(c)(5) could reasonably be interpreted in different ways. Accordingly, we might be obliged to resolve this ambiguity against the government.[14]

The parties to this appeal have not briefed the legislative history of aggravator (c)(5) or offered other authority from Alaska on the correct interpretation of its language. Moreover, Judge Smith unequivocally expressed his intention to sentence Tice to a composite term of 25 years, and proposed an alternative formulation of Tice's sentence to achieve this goal in the event that this court held that

aggravator (c)(5) did not apply to the facts of Tice's case.

For these reasons, we have decided not to adopt a definitive interpretation of aggravator (c)(5) in Tice's case. Instead, we will evaluate Tice's sentence under the alternative formulation proposed by Judge Smith: a sentence of 15 years for manslaughter and a sentence of 15 years for first-degree assault, of which 10 years is consecutive to the manslaughter sentence.

*Tice's sentence was not clearly mistaken*

We review Tice's composite sentence to determine whether it is "clearly mistaken." [15] As we have previously pointed out, Tice was a third felony offender and, under the pre-March 2005 sentencing provisions, he faced a presumptive term of 15 years' imprisonment for each of his manslaughter and first-degree assault convictions. Prior to his current offenses, Tice had multiple criminal convictions. These included a felony conviction for theft in the second degree, a felony conviction for sexual abuse of a minor in the second degree, and various convictions for probation violations and driving offenses—one of which was for driving while intoxicated. In addition, Tice was discharged from the United States Navy under other than honorable conditions. He spent 18 months incarcerated while he was in the Navy for using and selling drugs, vehicle theft, writing bad checks, and being absent without leave.

During sentencing, Judge Smith noted that Tice had a "long and difficult criminal history." He also made the following comments with respect to Tice's current convictions:

Tice drank enough beer to be just barely below the legal limit when the blood test was taken after the accident. He was

9.   U.S. Sentencing Guidelines Manual § 3A1.1(b) (2008).

10.  *Id.* § 3A1.1 cmt. 2 (2008).

11.  *Id.* § 3A1.1 cmt. 1 (1993) (emphasis added).

12.  *See United States v. Smith*, 39 F.3d 119, 123 (6th Cir.1994) ("Most circuits require that the defendant have actually targeted the victims because of their vulnerability.").

13.  U.S. Sentencing Guidelines Manual app. C, amend. 521, at 415 (2008); *see also United States v. Feldman*, 83 F.3d 9, 16 (1st Cir.1996).

14.  *See, e.g., State v. ABC Towing*, 954 P.2d 575, 579 (Alaska App.1998) (noting that "when the scope of a criminal statute is unclear, courts should normally construe the statute against the government"); *Magnuson v. State*, 843 P.2d 1251, 1253 (Alaska App.1992) (same).

15.  *McClain v. State*, 519 P.2d 811, 813 (Alaska 1974).

driving on a bumpy road with two little girls, one three, one five, in the back seat, not buckled in. Ms. Maddux testified credibly that she was trying to get him to stop. He was bouncing over the bumps because the girls were giggling, and they thought it was funny. He lost control of the car, the car rolled, and not to put too fine a point on it, he killed one of the little girls.

Judge Smith pointed out that, although the other little girl was not badly injured, "it was just a matter of luck that she wasn't badly hurt or killed like her older sister." He found that after Maddux crawled out of the car and while she was holding her dying daughter, Tice urged her to tell the police that she was driving, not him. Judge Smith emphasized that Tice convinced Maddux to lie for him for a year and to take responsibility for the death of her daughter. Judge Smith concluded that Tice's ability to control someone like he had controlled Maddux indicated that he was a very dangerous person.

Based on Tice's extensive prior criminal history and his behavior during his current offenses, Judge Smith concluded that Tice was a worst offender. Judge Smith also concluded that it was necessary to impose a composite sentence greater than the 20–year maximum sentence for a class A felony in order to protect the public. (Under the *Neal–Mutschler* rule established by the Alaska Supreme Court, a judge may not impose a composite sentence for two or more counts that exceeds the maximum sentence for the most serious offense unless the judge affirmatively finds that a longer term of imprisonment is necessary to protect the public.[16])

Tice points out that his sentence is at the top of the range for offenders convicted of manslaughter and assault in the first degree arising out of similar circumstances. In 2004, in *Powell v. State*,[17] we affirmed a 26–year sentence for convictions on four charges following a drunk-driving incident: two counts of first-degree assault, one count of reckless endangerment, and one count of driving while intoxicated.[18] Powell was a third felony offender for presumptive sentencing purposes and faced a presumptive term of 15 years in prison for each of the first-degree assault charges.[19] He was sentenced to 25 years for his four offenses, and to 1 year of previously suspended time.[20] At that time, we acknowledged that Powell's 26–year sentence exceeded any we had previously affirmed, even for defendants convicted of vehicular homicide.[21]

Even though Powell did not kill anyone, we held that the 26–year composite sentence was not clearly mistaken.[22] We noted that the "15–year presumptive term represents the legislature's judgment as to the prison term that should be imposed on a typical third felony offender who commits a typical act of first-degree assault." [23] We concluded that Powell was not a typical third felony offender because he had three prior felonies, was being sentenced for two first-degree assaults, had eleven prior convictions for driving while intoxicated as well as several other criminal convictions, and had poor prospects for rehabilitation.[24]

Powell had one more felony conviction and ten more convictions for driving while intoxicated than Tice. So, in that respect, his record is more egregious than Tice's record. On the other hand, Tice's conduct, unlike Powell's, resulted in a death. And Tice's conduct in intimidating Maddux is another factor that weighs in favor of a more severe

**16.** *Powell v. State*, 88 P.3d 532, 537 (Alaska App. 2004) (citing *Neal v. State*, 628 P.2d 19, 21 (Alaska 1981)).

**17.** 88 P.3d 532.

**18.** *Id.* at 533–34.

**19.** *Id.* at 533.

**20.** *Id.*

**21.** *Id.* at 539 (citing *Pusich v. State*, 907 P.2d 29 (Alaska App.1995) (upholding a composite sen-

tence of 18 years to serve for manslaughter and first-degree assault); *Foxglove v. State*, 929 P.2d 669 (Alaska App.1997) (upholding a composite sentence of 19 years to serve for manslaughter and first-degree assault)).

**22.** *Id.* at 533–34.

**23.** *Id.* at 539.

**24.** *Id.*

sentence. Judge Smith could certainly conclude that Tice's pattern of behavior, both before and after his current offenses, was particularly odious and reflected poorly on Tice's character and prospects for rehabilitation.

We accordingly conclude that Judge Smith was not clearly mistaken in imposing a 25–year composite sentence.

The judgment of the superior court is AFFIRMED, with the exception that the judgment must be amended to reflect a sentence of 15 years' imprisonment for manslaughter and a sentence of 15 years' imprisonment for first-degree assault, of which 10 years is consecutive to the manslaughter sentence.